STATE EX REL. TDD, Petitioner, v. CIRCUIT COURT FOR RACINE COUNTY, Respondent.

Supreme Court

*Nos. 79–334, 79–656–W. Decided June 29, 1979.*
(Also reported in 280 N.W.2d 264.)

For appellant: *John Peyton* and *Stewart, Peyton & Crawford* of Racine.

For respondent: *Denis Barry,* district attorney, Racine county, *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

## PER CURIAM

On January 11, 1979, a petition for a determination of status (delinquency petition) and a petition for waiver of jurisdiction over the juvenile TDD were filed in the Children's Division of the Racine County Circuit Court. The delinquency petition alleged that TDD, who will be 18 on August 26, 1979, entered an Open Pantry Store in Racine, Wisconsin, at approximately 4:40 a.m. on January 10, 1979, with a 22-year old male. The two demanded money from the clerks on duty indicating to the clerks that they were armed. However, no guns were actually displayed. The petition further alleged that TDD and his companion took the money without consent, fled from the scene, and were apprehended in a motor vehicle by the police after a chase. The two were then returned to the store and were positively identified by the clerks as the two who had committed the robbery. The petition alleged that TDD was a delinquent because these acts were contrary to secs. 943.32(1)(b) and 939.05, Stats., robbery, party to a crime.

The simultaneously filed petition for waiver of jurisdiction asked the court to waive juvenile jurisdiction over TDD because ". . . in the event of conviction the remedies available to the criminal court would be more effective under the circumstances of this case than those available to the juvenile court."

A waiver hearing on the petition to waive juvenile jurisdiction was held on March 1, 1979, in the Racine

County Circuit Court, Children's Division, Hon. Dennis J. Flynn, Circuit Judge presiding. TDD was represented at this hearing by appointed counsel, John Peyton. At this hearing, Judge Flynn, relying solely on the delinquency and waiver petitions, concluded that the case had prosecutive merit.

Rejecting Attorney Peyton's argument that before waiver could be ordered the court must first hold an evidentiary or testimonial type hearing at which "relevant testimony" is presented by the prosecution, Judge Flynn, after first giving the juvenile an opportunity to present testimony or other evidence which the juvenile through his attorney declined to do, entered an order waiving juvenile jurisdiction over TDD pursuant to sec. 48.18, Stats. Specifically, Judge Flynn made the following statements on the record at this waiver hearing:

"The question that is now before the Court is the question of whether to waive [TDD], now in juvenile court, to adult court . . . [TDD] at the present time is seventeen years of age with his birthday being the 26th of August, 1961. Generally, when the matter of waiver is brought before the court, the Court takes into consideration the best interest of the child, the interest of the community as a whole [and] if at all possible, the matter should be resolved in juvenile court . . . Specific criteria which are to be reviewed by a court when considering the question of waiver are stated at 48.18 of the new Children's Code. . . There is a requirement that the Court enumerate, on the record, the reasoning which it utilizes or applies to the facts and circumstances which appear in the record . . .

"This is a serious offense, certainly a felony as opposed to a misdemeanor, and one of the more serious felonies. The averments in the petition dealing with aggressive, violent, premeditated, and willfulness give the Court an insight and are the only information the Court has before it today . . . that the offense was committed as alleged in an aggressive, violent, premeditated, and willful manner. The offense was against persons who were in the

store at the time . . . There was [a] threat to persons who were in the store. There was not a brandishment of a weapon.

"Little information is presented dealing with the desirability of trial and disposition of the entire offense in one court . . . I think that basically the Court's convenience should not be a matter which will ultimately determine whether a person would be tried as a juvenile or in adult court.

"The next criteria has to do with the sophistication and maturity of the juvenile as determined by considering his home environmental situation, emotional attitude and pattern of living, and personality. No information is presented concerning those matters. The Court can indicate that each time [TDD] has been scheduled to appear in court, he has. In fact, he has come into court even when he didn't have something scheduled, even on the last occasion when his attorney had another obligation, he came here and waited until we got through to his attorney. So I have some insight into [TDD] through his appearances in Court, but I don't know what his home environment is or his living situation . . .

"I don't know about his pattern of living or his emotional attitudes, at all; nor do I know his physical maturity or his prior treatment history.

"One of the standards noted in 48.18(5)(a) has to do with the requirement that the Court consider the prior record of the juvenile. This record is clear that the juvenile has no prior record, since none was presented to me. That clearly is a factor which would augur for [TDD] within the juvenile court system.

"There is no indication in the record, also, that this child [TDD] is a proper subject for commitment to a mentally ill or developmentally disabled facility.

"The Court is left to consider, as the last of the *Kent* criteria, and one that is further noted in 48.18, the prospects for adequate rehabilitation of the juvenile, and the adequate protection of the public through this court system. In this particular case, given the seriousness of the offense . . . the Court finds that there would clearly be a need for [TDD] to be involved in rehabilitative treatment, with treatment to extend beyond his eighteenth birthday. It is the Court's judgment that treatment will

be for a period of time which is measured not by days or months but in years for a person who has committed an act wherein a weapon is used. . . The need for that person is to be involved in rehabilitative treatment so both the child . . . can develop the potential he has and the community can be protected in terms of its right to be safe.

"In this particular case, giving consideration to all of the matters listed at 48.18 of the statutes, and those matters noted in both the *Kent* case and the *D. H.* case . . . the judgment of the Court is that the State has demonstrated by clear and convincing evidence that it would be contrary to the best interest of [TDD] and of the public to have this case heard in juvenile court in Racine County. . . ."

TDD thereafter appealed the waiver order to District II of the Court of Appeals and moved for an order staying the execution of the waiver order pending its appeal. On April 21, 1979, the Court of Appeals with Hon. Richard Brown dissenting, denied the stay and summarily affirmed the waiver order.

TDD then filed a petition with this court pursuant to sec. 808.10, Stats., and Rule 809.62 to review the decision of the Court of Appeals and also filed a petition with this court for a supervisory writ of prohibition to prohibit a scheduled preliminary hearing in Racine County Circuit Court on the robbery charge.

On April 18, 1979, this court issued an order denying the petition for a supervisory writ on the ground that the record before the court was insufficient. TDD has now filed a new petition for a supervisory writ of prohibition and this time has caused a copy of the transcript of the waiver hearing to be filed. Additionally, this court now has before it on the petition to review, the appeal record which includes, among other things, the delinquency petition, the waiver petition, and the transcript of the waiver hearing.

We conclude, in agreement with the juvenile court, that a testimonial or evidentiary hearing at which the prosecution is required to produce evidence to support its petition to waive juvenile jurisdiction, pursuant to sec. 48.18, Stats., need not be held prior to the waiver order. We further agree that in the instant case the prosecution met its burden of establishing by clear and convincing evidence, relying solely on the delinquency and waiver petitions, that it would be contrary to the best interest of the child or of the public for the case to remain in juvenile court. Accordingly, we deny the petition for a writ of prohibition and we likewise deny the petition to appeal.

*In re D. H.,* 76 Wis.2d 286, 251 N.W.2d 196 (1977), involved an appeal of an order waiving juvenile jurisdiction over a 16-year old charged with robbery. The challenge to the waiver decision in that case was made on a number of grounds including the failure of the prosecution to provide testimony establishing the need for waiver. Rejecting that argument this court, citing *United States ex rel. Bombacino v. Bensinger,* 498 F.2d 875, 878 (7th Cir. 1974) and *Kent v. United States,* 383 U.S. 541, 563, 86 Sup. Ct. 1045, 16 L. Ed.2d 84 (1966), specifically held that the prosecution was not required to prove a *prima facie* case for waiver on the basis of "competent evidence in a strict legal sense." *In re D. H., supra,* at 301. We upheld the waiver order in that case which was based on the delinquency petition and the waiver petition.

We further held in *In re D. H.* that the basic requirements of fundamental fairness were that a hearing be held, that the child, the child's parent, guardian or other custodian, and the child's counsel be given notice of the charges against the child and the time, place and purpose of the waiver proceedings; that the juvenile be given the assistance of counsel; that the juvenile's attorney be

given access a reasonable time before the hearing to any reports or records regarding the juvenile considered by the court; that the juvenile be given the right to present evidence and cross-examine witnesses; and that the juvenile court not rely on secret information in making its decision; and that the court state its reasons for concluding that waiver of jurisdiction is appropriate. *Id.* at p. 297.

This court in that case noted that while testimony may be received at a waiver hearing, it was not mandatory in all cases. See also *Mikulovsky v. State,* 54 Wis.2d 699, 707, 708, 196 N.W.2d 748 (1972).

Following this court's decision in *In re D. H.,* sec. 48.18, Stats., providing for the waiver of juveniles to adult court was repealed and recreated by Chapter 354, sec. 31, Laws of 1977. Sec. 48.18 now provides in pertinent part as follows:

"48.18 . . .

"(2) The waiver hearing shall be brought on by filing a petition alleging delinquency drafted under s. 48.255 and a petition for waiver of jurisdiction which shall contain a brief statement of the facts supporting the request for waiver.

"(3) (a) The child shall be represented by counsel at the waiver hearing. Written notice of the time, place and purpose of the hearing shall be given to the child, any parent, guardian or legal custodian, and counsel at least 3 days prior to the hearing. Where parents entitled to notice have the same address, notice to one constitutes notice to the other. Counsel for the child shall have access to the social records and other reports consistent with s. 48.293.

"(b) The child has the right to present testimony on his or her own behalf including expert testimony and has the right to cross-examine witnesses at the hearing.

". . .

"(4) The judge shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction.

"(5) If prosecutive merit is found, the judge, *after taking relevant testimony and considering other relevant evidence,* shall base its decision whether to waive jurisdiction on the following criteria:

"(a) The personality and prior record of the child, including whether the child is a proper subject for commitment to a facility for the mentally ill or developmentally disabled, whether the child has been previously found delinquent, whether such delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

"(b) The type and seriousness of the offense including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

"(c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system.

"(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in circuit court.

"(6) After considering the criteria under sub. (5), the judge shall state his or her finding with respect to the criteria on the record, and, if the judge determines on the record that it is established by clear and convincing evidence that it would be contrary to the best interests of the child or of the public to hear the case, the judge shall enter an order waiving jurisdiction and referring the matter to the district attorney for appropriate criminal proceedings in the circuit court, and the circuit court thereafter has exclusive jurisdiction." (Emphasis supplied.)

TDD contends that new section 48.18, Stats., was intended to expand on this court's decision in *In re D. H.* so as to now require a testimonial type evidentiary hearing prior to a waiver order. The claim is that the prosecution is now required to produce "relevant testimony,"

i.e., something more than simply the delinquency and waiver petitions, in order to meet the burden of establishing by clear and convincing evidence that juvenile jurisdiction should be waived. TDD is essentially arguing that sec. 48.18(5) should be construed so as if it read:

"If prosecutive merit is found, the judge, after taking relevant testimony *which the prosecution must present* and considering other relevant evidence, shall base its decision to waive jurisdiction on the following criteria: . . ."

The difficulty with this argument is that nowhere does the statute specifically require the court to hold an evidentiary hearing directing the prosecution to produce relevant testimony to support the requested waiver. In view of sec. 48.18(3)(b), specific directive that the juvenile has the right to present testimony on his or her own behalf at the waiver hearing, it appears that the language of sec. 48.18(5) regarding "taking relevant testimony" can be read to mean that the court can only order waiver after the juvenile is given the opportunity to present relevant testimony at the waiver hearing. We conclude sec. 48.18(5) is ambiguous and accordingly, we may seek secondary sources of legislative intent in interpreting this statute. *See State v. Engler,* 80 Wis.2d 402, 406, 259 N.W.2d 97 (1977), and *Department of Revenue v. Dziubek,* 45 Wis.2d 499, 504, 173 N.W.2d 642 (1970).

Unfortunately, a search through the legislative history of this section on file at the Legislative Reference Bureau is not particularly enlightening on the question of whether the legislature in enacting the new Children's Code intended to require the prosecution to produce relevant testimony at an evidentiary hearing in order to meet the burden of clear and convincing evidence to justify a waiver of juvenile court jurisdiction. Our

search of the files revealed no clear indication of what the legislature intended at the time it enacted sec. 48.18. However, the files did contain a pamphlet prepared by the Wisconsin Legislature Council Staff entitled "Information Manual on Children's Code Revision." The pamphlet is dated July 5, 1978, which was after the publication date of the new statute but prior to its effective date. At page 3 of that publication the waiver provisions of new sec. 48.18 are discussed in the following terms:

"Waiver—Chapter 354 *codifies* the *procedures* and criteria set forth in the U. S. Supreme Court *Kent* decision and recent State Supreme Court cases for waiving the juvenile court jurisdiction over children 16 years of age or older to the adult court." (Emphasis added.)

This pamphlet prepared by the Legislative Council Staff essentially contemporaneously with the enactment of the Children's Code revision recognizes that new sec. 48.18 did not change or amend the result of *In re D. H.*, the most recent Wisconsin Supreme Court case on waiver, but rather new section 48.18 simply codified the procedures adopted in that case and *Kent, supra*. Neither *Kent* nor *In re D. H.* required an evidentiary hearing prior to waiver. We conclude our previous specific holding in *In re D. H., supra,* at 300, 301, that the prosecution was *not* required to prove a *prima facie* case for waiver on the basis competent evidence at an evidentiary hearing, was codified by the enactment of new sec. 48.18, Stats., and that there still is no requirement for an evidentiary hearing of the type TDD argues for.

While testimony from the prosecution as well as the juvenile may, of course, be presented at the waiver hearing, there is no requirement that it must be presented. The prosecution may, by relying solely on the delinquency and waiver petitions, as was done in the instant case, establish by clear and convincing evidence

that it would be contrary to the best interests of the child or the public for the juvenile court to hear the case. Undoubtedly, in most waiver situations the prosecution will want to put in more evidence than that contained in the delinquency and waiver petitions. However, we conclude under the circumstances of the instant case, that those two petitions contained sufficient evidence to justify the waiver order.

It is apparent from the juvenile court's comments as quoted above, that the judge specifically considered the criteria prescribed in sec. 48.18(5) for waiver of juvenile jurisdiction. It is also apparent that the juvenile court gave great weight to the fact that TDD was charged with a very serious crime and yet because of his age, would be subject to juvenile court jurisdiction and rehabilitative programs for less than six months if juvenile jurisdiction were retained. This same reasoning was used by the juvenile court in *In re D. H.* where the court based its decision to waive juvenile jurisdiction in part on the fact that the time remaining in juvenile jurisdiction was not commensurate with the criminal conduct. Although we upheld the waiver order, this court in *In re D. H.* rejected this reasoning because D. H. was only two months past the age of 16, the youngest at which waiver is allowed. Thus, we noted, the juvenile system would have had almost as much time to work with D. H. as it would with anyone who could be waived. *Id.* at 308, 309. This is not true in the instant case. Here, TDD was less than six months away from his 18th birthday at the time the waiver hearing was held. The juvenile court in the instant case did not abuse its discretion in relying on this fact in ordering waiver.

Orders denying the petition for review and petition for supervisory writ have been entered consistent with this opinion.