STATE EX REL. A. E., Petitioner, v. CIRCUIT COURT FOR GREEN LAKE COUNTY, the Honorable David C. Willis, Presiding, Respondent.†

Supreme Court

*No. 79–1524–W. Submitted December 14, 1979.—Decided February 7, 1980.*
(Also reported in 288 N.W.2d 125.)

† Motion for reconsideration granted on April 8, 1980.

For appellant: *Robert A. Ferg* and *Hayes Law Offices, S.C.,* of Ripon.

For respondents: *Arthur Wiesender,* district attorney, Green Lake County, *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. This is a petition for a writ of prohibition by which the petitioner seeks to challenge an order entered under the provisions of sec. 48.18, Stats., waiving jurisdiction over the petitioner, a juvenile more than sixteen years of age, so that he might be tried as an adult for the offense of armed robbery as a party to the crime.[1] Petitioner previously petitioned the court of appeals for a writ of prohibition which the court of appeals denied on the ground that petitioner had an adequate remedy by appeal pursuant

[1] Sec. 48.18(1), Stats., provides:

"**48.18 Jurisdiction for criminal proceedings for children 16 or older; waiver hearing.** (1) If a child is alleged to have violated a state criminal law on or after his or her 16th birthday, the child or district attorney may apply to the court to waive its jurisdiction under this chapter. The judge may initiate a petition for waiver if the judge disqualifies himself or herself from any future proceedings on the case."

to sec. 48.47, Stats. Sec. 48.47, Stats., provides for an appeal to the court of appeals[2] in accordance with Rule 809.40,[3] Stats., to review an adjudication of the court under the Children's Code, ch. 48. The court of appeals did not state whether an appeal of a juvenile waiver was an appeal as of right or an appeal by permission of the court of appeals.

In its response to the petition in this court, the state argues that a juvenile waiver order is not an adjudication within the meaning of sec. 48.47. Furthermore, the State asserts that the petitioner cannot appeal the juvenile waiver order as a matter of right, because it is not a final order. *See* sec. 808.03(1), Stats.[4] The State

---

[2] Sec. 48.47(1), Stats., provides:

"**Appeal.** (1) Any person aggrieved by an adjudication of the court under this chapter and directly affected thereby has the right to appeal to the court of appeals in accordance with s. 809.40. Appeal from an order granting or denying an adoption under s. 48.91 and from any circuit court review under s. 48.64(4) (c) shall be to the court of appeals."

[3] Rule 809.40, Stats., provides:

"**Rule (Applicability).** (1) An appeal to the court of appeals from a judgment or order in a misdemeanor case or a chapter 48, 51 or 55 case, or a motion for postconviction relief in a misdemeanor case must be initiated within the time periods specified in Rule 809.30 and are governed by the procedures specified in Rules 809.30 to 809.32.

"(2) The procedures under Rules 801.01 to 801.25 and 801.50 to 801.85 govern an appeal in a chapter 299, traffic regulation or municipal ordinance violation case under s. 752.31(2) unless a different procedure is expressly provided in Rules 809.41 to 809.43."

[4] "808.03 **Appeals to the court of appeals.** (1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1) (b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

For a discussion of a final order under sec. 808.03(1), Stats., *see State v. Jenich,* 94 Wis.2d 74, 288 N.W.2d 114 (1980).

argues that the petitioner can appeal a juvenile waiver order only upon leave of the court of appeals pursuant to sec. 808.03 (2), Stats.[5]

As we said in *State v. Jenich,* 94 Wis.2d 74, 288 N.W.2d 114 (1980), the question of what orders and judgments are final for purposes of appellate review is a recurring question of statutory interpretation. The final judgment-final order rule is designed to prohibit piecemeal disposal of litigation and thus plays an important role in the movement of cases through the judicial system. However, this court will place qualifications on the rule where the need for immediate review outweighs the purposes of the rule.

In *State v. Jenich, supra,* this court held that an order may be appealable as of right under sec. 808.03 (1), Stats., if it satisfies three criteria: the order finally and completely determines a claim of right; the claim is separable from, collateral to and independent of the principal issue at trial; and the claim asserted is too important to be denied review.

An order waiving juvenile court jurisdiction fulfills these three criteria. The juvenile court's order disposes of the question of a ch. 48 disposition finally at the trial court level; the issue of waiver is separable from the

---

[5] "808.03   Appeals to the court of appeals.

" . . .

"(2) APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

"(b) Protect the petitioner from substantial or irreparable injury; or

"(c) Clarify an issue of general importance in the administration of justice."

main issue of a criminal trial in circuit court, namely that of the guilt of the accused of the crime charged; and if review of the waiver issue must await review of a final judgment of conviction or is resolved by an acquittal, the confidentiality associated with juvenile proceedings has been irreparably lost. The statutes and cases set forth the procedure for waiver proceedings and the findings required to be made by the circuit court. The record on review will be relatively brief and will involve a single issue; review can be accomplished expeditiously.

We recognize that interlocutory appeals are undesirable, especially in criminal prosecutions, because they cause delays which are inimical to an effective criminal justice system. At the same time we recognize that granting a juvenile immediate review of a waiver order fulfills the public policy expressed by the legislature in chapter 48.

In *In Interest of D.H.*, 76 Wis.2d 286, 251 N.W.2d 196 (1977), a case which arose before the creation of the court of appeals, we similarly held that there are compelling reasons why there should be immediate appellate review as of right of an order of the juvenile court waiving jurisdiction.[6]

---

[6] This petition presents issues substantially similar to those decided in *In Interest of D.H.*, 76 Wis.2d 286, 251 N.W.2d 196 (1977), a case which arose before the creation of the court of appeals. We noted in *D.H.* that a juvenile waiver order did not fit comfortably within the concept of adjudication for purposes of appeal under sec. 48.47, Stats. An adjudication implies a decision on the merits, and a waiver order is not a decision on the merits of the case. In *D.H.* we recognized that "[t]he transfer of the juvenile to the adult criminal process is a grave step, and there should be a way for the juvenile to obtain immediate review of the decision" (76 Wis.2d at 292), and we held that any appellate remedy provided under the former code of procedure was inadequate because of the time lapse between the taking of the appeal and the consideration of the appeal in the supreme court. We

Accordingly we hold that an order waiving juvenile court jurisdiction over the juvenile is appealable as of right to the court of appeals pursuant to sec. 808.03(1), Stats.[7] To prevent dilatory appeal tactics, the court of appeals should establish procedures requiring the parties and the court to give the appeal expedited treatment.

The petition for writ of prohibition to the court of appeals in the case at bar was to invoke the supervisory authority of the court of appeals.[8] The court of appeals should have considered the petition for a writ of prohibition to be a notice of appeal,[9] which was filed within the time set forth in Rule 809.40, Stats., and should have issued such orders as were necessary to obtain the record from the circuit court and to expedite re-

therefore fashioned a procedure for appeal as of right to the circuit court and further review by leave of this court on an application for a writ of prohibition.

Sec. 48.47, Stats. 1975, provided:

". . . Any person aggrieved by an adjudication of the county court under this chapter and directly affected thereby has the right to appeal to the circuit court of the same county within 40 days of the entry of the order in the manner in which appeals are taken from judgments in civil actions. No undertaking shall be required on such appeal. The order of the county court shall stand, pending the determination of the appeal, but the circuit court may upon application stay such order. The appeal shall be on the record which the county court shall make and keep of the entire proceedings. Appeal from an order granting or denying an adoption under s. 879.27 and from any county court review under s. 48.64(4)(c) shall be to the supreme court."

[7] *See also* sec. 752.31, Stats., which provides that cases under ch. 48 shall be heard by one court of appeals judge.

[8] Art. VII, sec. 5(3) of the Wisconsin Constitution provides that "The Appeals Court . . . shall have supervisory authority over all actions and proceedings in the courts in the district."

[9] The court should look through the form to the substance of the matter. *McEwen v. Pierce County,* 90 Wis.2d 256, 270, 279 N.W.2d 469 (1979).

view of the juvenile waiver order in issue in the case at bar. The court of appeals erred in dismissing the petition.

Accordingly, we deny the application for a supervisory writ and remand the matter to the court of appeals for further proceedings consistent with this opinion.

*By the Court.*—The petition is denied without costs.

COFFEY, J. *(dissenting in part; concurring in part).* I agree that the order of the circuit court waiving juvenile court jurisdiction over the petitioner was appealable. I disagree with the reasoning employed to reach that conclusion. I dissent from that part of the mandate remanding the matter to the court of appeals.

The legislature says that waiver order was a final order appealable under sec. 808.03(1), Stats. As I stated in my dissent in *State v. Jenich*, 94 Wis.2d 74, 288 N.W.2d 114 (1980), the criteria for a final order is set forth in the statutes. The majority has now amended the statute by substituting 3 criteria which do not exist therein: the order determines the claim (rather than the entire matter in litigation); I would hold the claim to be separable and distinct therefrom, collateral to and independent of the principal issue at trial (rather than the complete claim of one or more parties); and the claim is too important to be denied judicial review (one of the criteria for discretionary review of a non-final order). This is not a statutory construction. This is judicial legislation. A right of appeal to the court of appeals has in the past been granted only by legislative enactment, and not by this court. Art. VII, sec. 5(3) of the Wisconsin Constitution specifically states that the court of appeals has such appellate jurisdiction "as the legislature may provide by law." The majority has seen fit to ignore the constitution and has added new provisions to sec. 808.03(1) of the statutes not enacted by the legislature.

I agree and would hold that the order in question is appealable under sec. 48.47, Stats., for the reasons stated by Justice ROBERT W. HANSEN in his concurring opinion *In Interest of D.H.*, 76 Wis.2d 286, 251 N.W.2d 196 (1977). The court of appeals, relying on previous case law, recited by this court, so held in denying the writ of prohibition presented, and the court of appeals was right.

The majority denies the petition for a writ of prohibition presented herein, but remands the matter to the court of appeals for further proceedings. The majority offers no explanation whatsoever as to how this court acquired jurisdiction over the court of appeals in this proceeding. A petition was presented to the court of appeals and denied. No attempt was ever made to seek review in this court of the decision of the court of appeals. Rather, the petitioner presented a new petition for a writ of prohibition to this court. The proceeding which the petitioner sought to prohibit was his trial of the criminal case in the circuit court. There was nothing in the court of appeals to prohibit. Yet, without ever having acquired jurisdiction over the decision of the court of appeals or the proceeding therein, the majority reverses on the ground that the substance controls over form. The form so easily dismissed as unimportant by the majority is a rule of this court requiring that a notice of appeal be filed with the clerk of the trial court in order that the court of appeals might gain jurisdiction over the appeal. sec. 809.10, Stats.

In my reading of the law, it is my belief that a writ of prohibition was not available where there existed an adequate remedy by appeal. *State ex rel. Cullen v. Ceci*, 45 Wis.2d 432, 173 N.W.2d 175 (1970). The order of the circuit court waiving juvenile court jurisdiction over the petitioner was entered on September 12, 1979. The order of the court of appeals denying the petitioner's

application for a writ of prohibition was dated September 25, 1979. The order of the court of appeals clearly stated that an appeal could be taken under sec. 48.47, Stats. Petitioner had ample opportunity to appeal the waiver order even after the order of the court of appeals denying his petition for a writ of prohibition, but chose to petition this court for prohibition instead. Why? Even if this court had acquired jurisdiction over the order of the court of appeals, which it has not, I know of no reason to allow the petitioner a second chance to appeal after he had decided and refused to take advantage of the first.

I would deny the petition and not remand this matter to the court of appeals. I am authorized to state that Mr. Justice CONNOR T. HANSEN joins in this opinion.

The following memorandum was filed May 19, 1980.

PER CURIAM *(on motion for reconsideration)*. Upon reconsideration, we conclude that juvenile waiver orders are not appealable by right because they are neither "final orders" under sec. 808.03(1), Stats., nor "adjudications" under sec. 48.47. The appropriate route for review by a party aggrieved by a juvenile waiver order is to seek leave to appeal under sec. 808.03(2) in the manner and within the ten-day deadline specified in sec. 809.50.

Because, upon reconsideration of *State v. Jenich,* 94 Wis.2d 74, 288 N.W.2d 114 (1980), we rejected the three criteria used by federal courts to test finality, our initial opinion in this case lacks precedential support. Viewed under the appropriate test set forth in sec. 808.03 (1), Stats., a juvenile waiver order is not a final order because it does not "[dispose] of the entire matter in

litigation as to one or more of the parties." The waiver order merely transfers the matter to another court.

Similarly, a juvenile waiver order is not appealable by right under sec. 48.47, Stats.,[1] because it is not an "adjudication" on the merits of the case. As we noted in *In Interest of D.H.*, 76 Wis.2d 286, 251 N.W.2d 196 (1977), a juvenile waiver order does not fit comfortably within the concept of adjudication for purposes of appeal under sec. 48.47.

In *D.H., supra,* a case which arose before the implementation of the court of appeals and the new appellate procedure rules, we fashioned an appellate remedy to supplant the inadequate and time-consuming remedy available to contest juvenile waiver orders under sec. 48.47, Stats. 76 Wis.2d at 294–95. The special procedure established in *D.H.* called for prompt review in the circuit court, followed by a discretionary writ of prohibition in this court. The court noted parenthetically that the special procedure should be followed "until the legislature provides otherwise." 76 Wis.2d at 294.

The legislature did in fact act subsequently in three related areas, the combined effect of which rendered the *D.H.* procedure unnecessary. The legislature (1) repealed and recreated the statutory procedure for waiving juveniles to adult court;[2] (2) reorganized the state

---

[1] "48.47 **Appeal.** (1) Any person aggrieved by an adjudication of the court under this chapter and directly affected thereby has the right to appeal to the court of appeals in accordance with s. 809.40. Appeal from an order granting or denying an adoption under s. 48.91 and from any circuit court review under s. 48.64 (4) (c) shall be to the court of appeals.

"(2) A child who has filed a notice of appeal shall be furnished a transcript of the proceedings appealed from or as much of it as is requested without cost upon the filing of an affidavit that the child or the person who is legally responsible for his or her care and support is financially unable or the person responsible is unwilling to purchase the transcript."

[2] For a detailed discussion of the changes made in sec. 48.18, Stats., by ch. 354, sec. 31, Laws of 1977, *see, State ex rel. TDD v.*

court system; and (3) enacted, in conjunction with this court, the new rules of appellate procedure. In contrast to the old appellate practice rules criticized in *D.H.*, the new rules provide an efficient and expeditious procedure for seeking permissive review of juvenile waiver orders. Under Rule 809.50, permissive appeals must be initiated within ten days. Moreover, where time is of the essence, the appellant can move for expeditious handling of the appeal pursuant to Rule 809.20. The appellant may also move for a stay of the proceedings in the adult court pursuant to sec. 808.07 and Rule 809.12.

A further advantage of proceeding under sec. 808.03 (2), Stats., as opposed to the writ of prohibition procedure established in *D.H.*, is that an adequate record would come before the court of appeals if leave to appeal is granted. *See,* Rules 809.50(3) and 809.15. As the present case evidences, a petition for a writ of prohibition ordinarily provides no mechanism for bringing the full juvenile court record before the appellate court.[3] In *State ex rel. TDD, supra,* 91 Wis.2d at 235, the minor's initial writ of prohibition was denied on the ground that the sparse record accompanying the writ provided an insufficient basis for review.

In *D.H.* we emphasized the critical importance of an order waiving juvenile jurisdiction and the resultant need for prompt appellate review. 76 Wis.2d at 292–94. In the court's words: "The transfer of the juvenile to the adult criminal process is a grave step, and there should be a way for the juvenile to obtain immediate

---

*Racine County Cir. Court,* 91 Wis.2d 231, 237–41, 280 N.W.2d 264 (1979).

[3] The special procedure established by the court in *D.H.* did, however, indicate that review on a supervisory writ should be based on the record of the entire juvenile court proceeding. 76 Wis.2d at 295.

review of the decision." 76 Wis.2d at 292. Our adherence to this view remains unchanged.[4]

Given the significance of a waiver of juvenile jurisdiction orders, we urge that the court of appeals, in the exercise of its discretion, give careful consideration to the merits presented by appeals from such orders. Review will often be necessary to protect the minor from "substantial or irreparable injury"—one of the three criteria for granting permissive appeals under sec. 808.03(2), Stats. Juvenile waiver orders, like orders denying motions to dismiss based on double jeopardy *(see, Jenich, supra)*, represent a unique type of intermediate order which require prompt appellate review where necessary to prevent "substantial or irreparable injury."

The editors of the new manual on Wisconsin juvenile court practice advocate handling appeals from juvenile waiver orders in the manner set forth above. The editors state that:

"Although the provision for appeal in the Children's Code, s. 48.47, provides for an appeal only of an 'adjudication of the juvenile court,' the Wisconsin Supreme Court has held that an order of waiver under Wis. Stat. s. 48.18(6) is an appealable order. *In re D.H.*, 76 Wis. 2d 286, 251 N.W.2d 196 (1977). However, the language of *In re D.H.* is probably modified by Wis. Stat. s. 808.03 (1). Under that section, a waiver order is not appealable as a matter of right because it is not a final order. However, it is appealable as a discretionary appeal under ss. 808.03(2) and 809.50 and there should be no difficulty demonstrating under ss. 808.03(3) and 809.50(1)(c)

---

[4] The basis for our concern with juvenile waiver orders is adequately discussed in *D.H.* and will not be reiterated here. *See also, State ex rel. TDD v. Racine County Cir. Court*, 91 Wis.2d 231, 280 N.W.2d 264 (1979); *Mikulovsky v. State*, 54 Wis.2d 699, 703–08, 196 N.W.2d 748 (1972); *cf., Kent v. United States*, 383 U.S. 541 (1966).

that an immediate review of the order is necessary to protect the juvenile from substantial and irreparable injury." *Wisconsin Juvenile Court Practice,* sec. 9.23, p. 151 (Youth Policy & Law Center, 1978).

The numerous papers filed on behalf of A.E. and the state throughout A.E.'s repeated attempts to obtain appellate review of the waiver order demonstrate that counsel valiantly attempted to make sense out of the unexplained interplay between sec. 48.47, sec. 808.03(1) and (2), and the court made appeal procedure established in *D.H.* The customary disposition of a case like this would be to deny the writ and remand for trial in the circuit court. However, due to the unique procedural background of this case, we deem it advisable, in the interests of justice, to permit A.E. the opportunity to seek leave to appeal under sec. 808.03(2) within ten days of our mandate.

*By the Court.*—The petition is denied without costs, and the cause remanded to the juvenile court for further proceedings consistent with this opinion.

SHIRLEY S. ABRAHAMSON, J. *(concurring on motion for reconsideration).* I agree with the majority that the juvenile waiver order does not constitute a final order under sec. 808.03(1), Stats., but is an order appealable by permission of the court of appeals under sec. 808.03(2), Stats. Because this court continues to adhere to the view expressed in *In Interest of D.H.,* 76 Wis.2d 286, 294, 251 N.W.2d 196 (1977) *(per curiam* opinion p. 105c), that the juvenile should have immediate, speedy and efficient review of a juvenile waiver order, I conclude, as I did in *State v. Jenich,* 94 Wis.2d 74, 288 N.W.2d 114 (1980), rehearing May 19, 1980 (Shirley S. Abrahamson, J. concurring), that the court of appeals should grant leave to appeal as a matter of course to all petitions for leave to appeal juvenile waiver

orders to protect the juvenile from substantial and irreparable injury. In the event of a frivolous appeal from an order, the court of appeals should summarily affirm the juvenile waiver order.

I do not agree with the majority's disposition of the writ. If we can speak in terms of "customary disposition of a case like this," I would say that the customary disposition would be to deny the petition for a writ of prohibition and to extend the stay of criminal proceedings in the circuit court for Green Lake county, which this court granted on October 8, 1979, for ten days from the date of our mandate to give petitioner opportunity to file a petition for leave to appeal and to seek a further stay. *See* sec. 808.07 and Rules 809.12, 809.82, Stats.

I do not understand why the court remands the case to the "juvenile court." The judge entered an order waiving juvenile jurisdiction and pursuant to sec. 48.18 (6), Stats., the instant case is presently pending before the Green Lake county circuit court as an adult criminal matter; this court has stayed further adult criminal proceedings. I do not know what the "juvenile court" can or should do on remand.

Although I do not doubt this court's power to dismiss the writ of prohibition and to grant A.E. additional time to file a petition for leave to appeal with the court of appeals, I think the court is putting too heavy an emphasis and value on form instead of on substance. We should not dismiss proceedings on procedural, technical grounds. I believe this court should, as it has in other recent proceedings, remand or transfer the matter to the court of appeals. The court of appeals should be directed to treat A.E.'s petition for a writ of prohibition as a petition for leave to appeal.

A.E. has filed three sets of papers with the clerk of the supreme court (who serves as clerk to both the supreme court and the court of appeals) and has expended $75 in filing fees. The court now forces A.E. to pay

additional legal fees to counsel to redraft the same papers for a fourth time and to pay another $25 filing fee upon filing the petition with the clerk. There are presently three separate files on A.E. being maintained in the clerk's office. A fourth file containing the same material is not needed to enable the court of appeals to determine if it will grant leave to appeal. If the parties wish to file additional material to aid the court of appeals they can request the court of appeals for permission to do so. If the court of appeals requires additional information it may order the parties to supply it. For those who care to know more about the convoluted and dubious procedure followed by the courts in the instant case, the tiresome details are set forth in the margin.*

---

* A.E., alleging that use of the appeal route to the court of appeals would not provide the "speedy and efficient review" required by *In Interest of D.H.*, 76 Wis.2d 286, 251 N.W. 196 (1977), sought review of the juvenile waiver order (which had been entered on September 12, 1979) by petitioning the court of appeals for a writ of prohibition. A.E.'s petition for a writ of prohibition was filed on September 17, 1979, and A.E. paid the required $25.00 filing fee.

Although no "notice of appeal" was filed in the Green Lake county circuit court, a copy of the petition for the writ of prohibition was filed in the Green Lake county circuit court, and the petition gave substantially the same information as required in a notice of appeal. Rule 809.10(1), Stats. The petition for the writ of prohibition also met the requirements of a petition seeking leave to appeal under Rule 809.50, Stats. Thus the court of appeals could have treated A.E.'s petition for a writ of prohibition as a petition for leave to appeal, properly filed within the time limits provided by Rule 809.50, Stats., or as a notice of appeal properly filed in both the circuit court and court of appeals (Rule 809.10(1), Stats.), but the court of appeals chose not to do so.

On September 25, 1979, the court of appeals dismissed A.E.'s petition for a writ of prohibition stating that the proper manner of challenging the juvenile waiver order was first by appeal to

The court has unfortunately put an additional delay in the proceedings by requiring the filing of a petition for leave to appeal. Time, which is of the essence in the

the court of appeals under sec. 48.47, Stats., and then by petition for the writ of prohibition to the supreme court thereafter. The order of the court of appeals did not state whether the appeal of the juvenile waiver order was an appeal of right or an appeal by leave of court. One may assume since the ten-day period for filing a petition to appeal had expired by the date of the court of appeals' order of dismissal, the court of appeals viewed the waiver order appealable as of right.

When the court of appeals dismissed A.E.'s petition for a supervisory writ, A.E. apparently had the choice of (1) filing a notice of appeal and seeking a stay of the criminal trial; (2) seeking review of the dismissal by a petition to review in this court pursuant to sec. 808.10, Stats. and Rule 809.62, Stats., or (3) seeking a supervisory writ from this court pursuant to Rules 809.51 and 809.71, Stats. Martineau and Malmgren, *Wisconsin Appellate Practice* sec. 3801 (1978).

A.E. chose not to file a notice of appeal with the court of appeals (which A.E. had asserted would not provide speedy and efficient review) or a petition to review with this court. A.E. chose the supervisory writ route. On October 3, 1979, A.E. filed two petitions in this court for supervisory writs. One petition was a petition for a writ of mandamus asking this court to direct the court of appeals to review the juvenile waiver order. The second petition was a petition for a writ of prohibition asking this court to direct the Green Lake county circuit court not to proceed with a criminal trial and asking this court to review the juvenile waiver order. A.E. paid $50.00 in filing fees, $25.00 for each petition. Each petition refers to the other petition, and each petition asks for relief in the alternative, either prohibition or mandamus. The caption of each petition is different: Mandamus names the court of appeals as respondent; prohibition names the circuit court as respondent. However, both the circuit court and the court of appeals were notified of the filing of both petitions in this court. In both the petition for a writ of prohibition and the petition for a writ of mandamus, the real parties in interest (A.E. and the state), their counsel, and the issues presented are the same. A.E.'s petitions for the writs were filed in this court within the thirty-day period set forth in sec. 808.10 for filing petitions to review in this court and could be treated

instant case, is ticking away. A.E. will reach the age of eighteen on July 13, 1980.

by this court as a petition to review. *Cf. McEwen v. Price County,* 90 Wis.2d 256, 270, 279 N.W.2d 469 (1979).

On October 8, 1979, in an unpublished order which gave no explanation for this court's action, this court denied A.E.'s petition for a writ of mandamus which had been directed to the court of appeals. This court ordered all criminal proceedings in the circuit court arising out of the juvenile waiver order stayed and ordered a response to A.E.'s petition for the writ of prohibition. This court was then left with A.E.'s petition for a writ of prohibition directed to the circuit court not to proceed with an adult criminal trial and asking this court to review the merits of the juvenile waiver order.