IN the INTEREST of P.A.K., a person under the age of 18: P.A.K., Appellant,

v.

STATE of Wisconsin, Respondent-Petitioner.

Supreme Court

*No. 83–176.  Argued March 26, 1984.—Decided June 29, 1984.*

(Also reported in 350 N.W.2d 677.)

872

For the petitioner the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the appellant there was a brief by *Stephen P. Hurley* and *Sally J. March,* Madison, and oral argument by *Ms. March.*

WILLIAM A. BABLITCH, J.   The issue for review is whether, in a contested juvenile waiver hearing, the juvenile court may find prosecutive merit on the basis of the delinquency and waiver petitions alone.  The state appeals a decision holding that the state must present testimony and evidence in addition to the delinquency and waiver petitions to establish prosecutive merit whenever the juvenile contests the issue of prosecutive merit.  We hold that the provisions of the Children's Code, ch. 48, Stats., do not require the state to present testimony and evidence in addition to the petitions on the issue of prosecutive merit in a contested juvenile waiver hearing, and that the court may rely on the delinquency and waiver petitions alone to determine that issue.  We therefore reverse the decision of the court of appeals.

On December 22, 1982, P.A.K. was taken into custody following a high speed chase by police officers.  P.A.K. was seventeen years old at that time.  The state filed a delinquency petition on December 22.  The petition alleged that P.A.K. feloniously endangered another person's safety by conduct imminently dangerous and evincing

a depraved mind, regardless of human life, contrary to sec. 941.30, Stats. On December 23, the state filed a petition requesting that the juvenile court waive jurisdiction over the matter.

The juvenile court held a waiver hearing on January 21, 1983. During the hearing, the state asked the court to make a finding under sec. 48.18(4), Stats., that the matter had prosecutive merit based solely on the facts alleged in the delinquency petition. Section 48.18(4) provides: "The judge shall determine whether the matter has prosecutive merit before proceeding to determine if it should waive its jurisdiction." The state offered no testimony or additional evidence on that issue. Although P.A.K.'s attorney indicated that he was contesting the issue of prosecutive merit, he offered no testimony or evidence disputing the allegations in the delinquency petition, nor did he contend that the petition contained unreliable evidence or failed to establish probable cause. He instead argued that the court could not make a finding of prosecutive merit on the basis of the delinquency petition alone, and that the state was required to present testimony and evidence in addition to the delinquency and waiver petitions to establish prosecutive merit.

The juvenile court held that it could determine whether the matter had prosecutive merit based solely on the facts alleged in the delinquency petition, and it found prosecutive merit on that basis. After making findings concerning the criteria governing waiver specified in sec. 48.18(5), Stats., the court ordered that its jurisdiction be waived.

The court of appeals granted P.A.K. leave to appeal the nonfinal waiver order of the juvenile court. The court of appeals reversed the order, holding that the juvenile court erred in relying solely on the delinquency petition to find prosecutive merit. The state then filed a petition for review with this court, which we granted.

In *In Interest of T.R.B.*, 109 Wis. 2d 179, 325 N.W.2d 329 (1982), we noted that secs. 48.18(4), Stats., and 48.18(5), 1979, when read with sec. 48.18(1), 1979–80, set forth a two-stage juvenile waiver hearing. Sections 48.18(1), 48.18(4) and 48.18(5), 1981–82, are the same as secs. 48.18(1), 48.18(4) and 48.18(5), 1979–80, which were applicable when *T.R.B.* was decided. The first stage involves the juvenile court's determination whether the "jurisdictional factors" exist that would allow it to then consider the criteria for waiver set forth in sec. 48.18 (5). The "jurisdictional factors" are whether the juvenile was sixteen years of age or older on the date of the alleged offense, sec. 48.18(1), and whether the state's allegation that the juvenile has violated a state criminal law has prosecutive merit, sec. 48.18(4). The second stage of the waiver hearing involves the juvenile court's consideration of the criteria for waiver in sec. 48.18(5), and its determination whether to waive jurisdiction. 109 Wis. 2d at 185.

In *T.R.B.*, we also discussed the meaning of prosecutive merit and the basis upon which the juvenile court may make a finding of prosecutive merit under sec. 48.18(4), Stats., when the juvenile has not contested the issue of prosecutive merit. We analogized a determination of prosecutive merit under sec. 48.18(4), to a determination of probable cause in a preliminary examination and held that prosecutive merit is the same degree of probable cause required to bind over an adult after a preliminary examination:

". . . the juvenile court, before considering the waiver criteria, must satisfy itself that the record establishes to a reasonable probability that the violation of the criminal law alleged has been committed and that the juvenile has probably committed it. This is the degree of probable cause required to bind over an adult for criminal trial." 109 Wis. 2d at 192.

In addition, we held that if waiver is not contested, the juvenile court may determine whether the matter has prosecutive merit under sec. 48.18(4), Stats., solely on the basis of the delinquency and waiver petitions without taking testimony or considering evidence other than the petitions. Because the juvenile in *T.R.B.* did not contest the issue of proscutive merit, we specifically did not reach the question of whether the state must submit relevant testimony or evidence other than the petitions if the issue of prosecutive merit is contested. *See* 109 Wis. 2d at 194. That issue is now before us.

A determination whether a juvenile court may rely solely on the delinquency and waiver petitions to find prosecutive merit when the juvenile contests the issue of prosecutive merit involves an interpretation of secs. 48.18(4), Stats., and 48.18(5). Those are questions of law, which we may independently decide without deferring to the circuit court's conclusions. *See Engineers & Scientists v. Milwaukee,* 38 Wis. 2d 550, 554, 157 N.W.2d 572 (1968).

The state argues that the holding of *T.R.B.* should apply even when the juvenile contests the issue of prosecutive merit. As we recognized in *T.R.B.,* neither the language nor legislative history of sec. 48.18(4), Stats., indicates that when prosecutive merit is uncontested, the district attorney is required to present relevant testimony or that the juvenile court is required to consider relevant testimony and evidence prior to determining under that provision whether the matter has prosecutive merit. Similarly, we find nothing in the language or history of sec. 48.18(4) to indicate that when prosecutive merit is contested, the legislature intended to require the state to present, and the juvenile court to consider, testimony and evidence in addition to the petitions prior to determining whether the matter has

prosecutive merit under sec. 48.18(4). Regardless of whether the issue of prosecutive merit is contested or uncontested, the juvenile court must make the same determination in both cases; namely, whether the matter has prosecutive merit. Thus, the fact that the issue of prosecutive merit may be contested does not change the *nature* of the prosecutive merit determination. We therefore conclude that when the issue of prosecutive merit is contested, there is no requirement in sec. 48.18(4) that the state present, or that the juvenile court consider, testimony or evidence in addition to the petitions prior to determining that the matter has prosecutive merit.

The state also argues that the language of sec. 48.18(5), Stats., and the history of that statute indicate that the legislature did not intend to require the state to present evidence or testimony to establish prosecutive merit. P.A.K. argues, however, that under the language of sec. 48.18(5), Stats., cited in full below,[1] the legisla-

---

[1] Section 48.18(5), Stats., provides:

"If prosecutive merit is found, the judge, after taking relevant testimony which the district attorney shall present and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria:

"(a) The personality and prior record of the child, including whether the child is mentally ill or developmentally disabled, whether the child has been previously found delinquent, whether such delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

"(b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

"(c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system, and, where applicable, the mental health system.

ture intended a waiver hearing to be a full evidentiary hearing. He asserts that at this hearing, the state is required to present witness testimony and evidence on *all* the criteria for waiver specified in sec. 48.18(5), one of which is prosecutive merit. *See* sec. 48.18(5)(b). P.A.K. contends that it would be anomalous to conclude that prosecutive merit could be established solely from the delinquency and waiver petitions when sec. 48.18(5) allegedly requires the state to present testimony and other relevant evidence as to all waiver criteria. Thus, even if sec. 48.18(4) does not expressly require a full evidentiary hearing on the issue of prosecutive merit, P.A.K. argues that because of the language of sec. 48.18 (5), once the issue of prosecutive merit is contested, the juvenile court must hold such a hearing before determining whether to waive its jurisdiction. We disagree with P.A.K.'s interpretation of sec. 48.18(5) for a number of reasons.

The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *County of Columbia v. Bylewski*, 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980). In determining legislative intent, first resort is to the language of the statute itself. If the meaning of the statute is clear on its face, this court will not look outside the statute in applying it. *Wis. Elec. Power Co. v. Public Service Comm.*, 110 Wis. 2d 530, 534, 329 N.W.2d 178 (1983). If the statutory language is ambiguous, this court attempts to ascertain the legislature's intent by the scope, history, context, subject matter and object of the statute. *Midland Fin. Corp. v. Department of Rev.*, 116 Wis. 2d 40, 46, 341 N.W.2d 397 (1983). A statute is ambiguous if it is capable of being

"(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in circuit court."

understood by reasonably well-informed persons in either two or more senses. *In Matter of Estate of Walker,* 75 Wis. 2d 93, 102, 248 N.W.2d 410 (1977).

We conclude that the language of sec. 48.18(5), Stats., is ambiguous. That provision could be read to require the district attorney to present testimony and evidence in addition to the petitions as to prosecutive merit and all other factors specified in sec. 48.18(5), or it could be read to require testimony and evidence in addition to the petitions as to those other factors regarding waiver for which the petitions may be inadequate. Because sec. 48.18(5) is ambiguous, we may resort to extrinsic aids and refer to the legislative history to assist us in determining legislative intent. *See Kindy v. Hayes,* 44 Wis. 2d 301, 308, 171 N.W.2d 324 (1969).

Prior to 1979, sec. 48.18(5), Stats. 1977 stated in pertinent part: "If prosecutive merit is found, the judge, after taking relevant testimony and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria. . . ." In *State ex rel. TDD v. Racine County Cir. Court,* 91 Wis. 2d 231, 280 N.W.2d 264 (1979), we construed sec. 48.18 (5), 1977, as not requiring the juvenile court to hold an evidentiary hearing or the district attorney to produce relevant testimony at a waiver hearing. We held that at that hearing, the state could rely solely on the petitions to meet its burden of establishing that it would be contrary to the best interest of the child or of the public for the case to remain in juvenile court. We declined to construe sec. 48.18(5), 1977, as if it read: "If prosecutive merit is found, the judge, after taking relevant testimony *which the prosecution must present* and considering other relevant evidence, shall base its decision to waive jurisdiction on the following criteria. . . ." (Emphasis added.) 91 Wis. 2d at 238–39.

Section 48.18(5), Stats. 1977, subsequently was amended by ch. 300, Laws of 1979, to include the following language, which is virtually identical to the language this court had declined to read into that statute in *TDD:* "If prosecutive merit is found, the judge, after taking relevant testimony *which the district attorney shall present* and considering other relevant evidence. . . ." (Emphasis supplied.) Included in the bill drafting file to ch. 300, Laws of 1979, is a letter from Eileen Hirsch, staff attorney for the Youth Policy and Law Center, to Kathleen Curran of the Legislative Reference Bureau concerning the Center's proposed amendments to ch. 48. These apparently were offered to assist in the drafting of the amendments to ch. 48, including the amendment of sec. 48.18(5). Attached is a memorandum from Hirsch, which states in pertinent part:

"48.18(5)—insert after 'relevant testimony': 'which the prosecution must present' . . .
"*Reason*: The first change [to sec. 48.18(5)] is to clarify the legislative intent that testimony and evidence be presented by the prosecution about all of the factors outlined in sub. 5(a), (b), (c), and (d). The Supreme Court in a recent case construed the statute as not changing the previous system, where no testimony or evidence had to be presented other than the petition alleging delinquency. The language of the amendment is exactly what was suggested in that Supreme Court opinion as what would be necessary to make the legislative intent clear that other evidence had to be presented by the prosecution. . . ."

The above legislative history indicates that by amending sec. 48.18(5), Stats., to include the phrase "which the district attorney shall present," the legislature merely intended to do what this court in *TDD* said was not needed; namely, to require the state to present some testimony and evidence in addition to the petitions before a juvenile court could determine whether it should

waive its jurisdiction. However, we conclude that the legislative history is inconclusive as to whether the legislature intended that the state be required to present testimony and evidence in addition to the petitions on each criterion specified in sec. 48.18(5), including prosecutive merit. The most that may be concluded from this history is that the legislature intended to insure that a juvenile court did not base its decision to waive jurisdiction under sec. 48.18(5) solely on the delinquency and waiver petitions. To accept P.A.K.'s argument that by amending sec. 48.18(5), the legislature also intended to require testimony and evidence in addition to the petitions as to prosecutive merit requires a leap that the above legislative history does not conclusively support. That this is so is evidenced by the fact that when the legislature amended sec. 48.18(5), it did not amend sec. 48.18(4). Section 48.18(4) still contains no express requirement that the state present or the court consider testimony and evidence as to prosecutive merit in addition to the petitions. By failing to amend sec. 48.18(4), by continuing to use the words "prosecutive merit" in both secs. 48.18(4) and 48.18(5)(b), and by referring in the introductory language of sec. 48.18(5) to the prosecutive merit finding in sec. 48.18(4), it is just as likely that the legislature did not intend to require the state to present testimony and evidence as to prosecutive merit in addition to the petitions under sec. 48.18(5)(b). Because the legislative history of the amendment to sec. 48.18(5) does not conclusively resolve this issue, we turn to other applicable rules of statutory construction to aid in our interpretation of sec. 48.18(5).

A cardinal rule of statutory construction is that statutes must be construed to avoid an absurd or unreasonable result. *State v. Mendoza,* 96 Wis. 2d 106, 115, 291 N.W.2d 478 (1980). To construe sec. 48.18(5), Stats., as P.A.K. urges would lead to unreasonable results. Un-

der his interpretation, the state would be required to present testimony and evidence on all the criteria in sec. 48.18(5) whether a given factor was present in a particular case or not. In addition, under certain circumstances, this interpretation could require the state to do the impossible. For example, certain waiver criteria in sec. 48.18(5), such as the juvenile's personality, motives and attitudes, may be ascertained only by interviewing the juvenile or his or her parents. However, under sec. 48.24(2), no child or other person may be compelled to appear at any conference, produce any papers or visit any place by an intake worker during the intake inquiry. Thus, the state may have no way to obtain necessary information on all waiver criteria specified in sec. 48.18(5). Finally, under P.A.K.'s interpretation the state would be required to present testimony and additional evidence even if that testimony and evidence would not benefit the state's case supporting waiver. This could infringe on the prosecutor's duty under sec. 48.09(1) to represent the public's interests, and could hinder the effective performance of his or her role as advocate for the state. Such results are clearly unreasonable, and sec. 48.18(5) must therefore be construed to avoid those unreasonable results.

In addition, we have repeatedly recognized that statutes must be construed together and harmonized. *Kramer v. Hayward,* 57 Wis. 2d 302, 311, 203 N.W.2d 871 (1973); *State v. Duffy,* 54 Wis. 2d 61, 64, 194 N.W.2d 624 (1972). If sec. 48.18(5), Stats., is construed as requiring the state to present, and the court to consider, testimony and evidence in addition to the delinquency and waiver petitions on the issue of prosecutive merit, that creates an inconsistency between sec. 48.18(5) and sec. 48.18(4). There is no stated requirement in sec. 48.18(4) that the state present, and the court consider, testimony or evidence in addition to the petitions prior

to determining that the matter has prosecutive merit under that subsection. It is inconsistent not to require the state to present, and the court to consider, testimony and evidence in addition to the petitions when the court first determines whether there is prosecutive merit under sec. 48.18(4), but to require the state to present, and the court to consider, such testimony and evidence on prosecutive merit when the court next considers waiver under sec. 48.18(5).

In addition, if sec. 48.18(5), Stats., is construed as requiring the state to present, and the court to consider, testimony and evidence on prosecutive merit in addition to the petitions, that would render sec. 48.18(4) meaningless. As noted above, there is no stated requirement in sec. 48.18(4) that the state present testimony and evidence in addition to the petitions prior to the court's determining whether the matter has prosecutive merit. However, if the state is required to do so under sec. 48.18(5), as a practical matter the state probably will introduce that testimony and evidence when the court makes its determination of prosecutive merit under sec. 48.18(4). This is so because the waiver hearing is one hearing, even though at that hearing the juvenile court first determines whether the matter has prosecutive merit under sec. 48.18(4), and then determines whether to waive its jurisdiction under sec. 48.18(5) if it found prosecutive merit under sec. 48.18(4). A reasonable construction of secs. 48.18(4) and 48.18(5) which harmonizes and gives meaning to both provisions is the state may rely solely on the petitions to establish prosecutive merit under sec. 48.18(4), the court may base its prosecutive merit determination under sec. 48.18(4) solely on the petitions, and the state and the court may rely solely on the petitions as evidence relating to prosecutive merit under sec. 48.18(5)(b) when the court next considers whether to waive its jurisdiction.

P.A.K. also argues that because in *T.R.B.* we held that a determination of prosecutive merit under sec. 48.18(4), Stats., is functionally similar to a determination of probable cause in a preliminary examination, the procedures typically followed at a preliminary examination, such as presentation by the state of witnesses and evidence, must govern the manner in which prosecutive merit is determined when the issue of prosecutive merit is contested. The state contends, however, that the fact that the degree of probable cause required to establish prosecutive merit is the same as the degree of probable cause required to bind over an adult after a preliminary examination does not mean that the procedures used at a waiver hearing must be the same as the procedures typically used at a preliminary examination. In other words, the state argues that simply because the *degree* of prosecutive merit required is the same does not mean that the *manner* in which prosecutive merit is established must be the same. We agree.

P.A.K. is incorrect in concluding that because in *T.R.B.* we equated a determination of prosecutive merit at a juvenile waiver hearing with a determination of probable cause at a preliminary examination, the procedures typically utilized at a preliminary examination to establish probable cause must govern the manner in which prosecutive merit is established. The concern in *T.R.B.* was with defining the level of probable cause required for a determination of prosecutive merit, not with the manner in which prosecutive merit is established. We do not believe that it is the procedure *per se* that determines whether there is prosecutive merit in a given case. Although the state clearly has the burden to come forward with sufficient evidence to establish to a reasonable probability that the alleged violation of the criminal law has been committed and that the juvenile has probably committed it, it does not follow that the

only way the state may meet its burden is to follow the procedures typically used at a preliminary examination when the petitions alone may constitute a sufficient record upon which to base a determination of prosecutive merit.

A conclusion that the procedures and form of evidence typically used to establish probable cause at a preliminary examination are not required to determine prosecutive merit at a waiver hearing is also supported by the fact that a preliminary examination and a waiver hearing are governed by different rules of evidence. The rules of evidence set forth in chs. 901–911, Stats., apply to preliminary examinations. *See* sec. 911.01(2) ; *see also Mitchell v. State,* 84 Wis. 2d 325, 330, 267 N.W.2d 349 (1978). However, *under sec.* 48.299(4)(b), which governs juvenile waiver hearings, the legislature has provided that neither common law nor statutory rules of evidence are binding at a waiver hearing, and that the court shall apply basic rules of relevancy, materiality, and probative value of proof to all questions of fact. This reflects a legislative intent that a juvenile waiver hearing be conducted according to its own unique procedures, which will not automatically mirror the procedures typically followed at a preliminary examination.

In addition, we have previously held that the facts and circumstances supporting a juvenile court's decision to waive jurisdiction must be developed from reliable sources of information. *In Interest of D.H.,* 76 Wis. 2d 286, 303, 251 N.W.2d 196 (1977). Thus, in determining whether a matter has prosecutive merit, the focus is on the reliability of the evidence presented, not on its form. As we recognized in *T.R.B.,* under sec. 48.299(4)(b), Stats., hearsay evidence may be admitted at a waiver hearing if it has demonstrable circumstantial guarantees of trustworthiness. In *T.R.B.,* we concluded that the delinquency and waiver petitions could be used as evi-

dence at a waiver hearing if they have guarantees of trustworthiness. *See* 109 Wis. 2d at 193. Although *T.R.B.* involved a waiver hearing at which the issue of prosecutive merit was uncontested, the rationale in that case is equally applicable when the issue of prosecutive merit is contested.

We also note that sec. 48.18(3)(b), Stats., accords a juvenile the right to present testimony on his or her behalf at a waiver hearing. Thus, if the state relies solely on the delinquency and waiver petitions to establish prosecutive merit, and the juvenile contends that the information in the petitions is unreliable or that the petitions do not establish probable cause, the juvenile may present testimony at the hearing to demonstrate that his contentions have merit. We therefore conclude that if the petitions contain adequate and detailed information concerning the juvenile's alleged violation of state criminal law, and have demonstrable circumstantial guarantees of trustworthiness, *see T.R.B.*, 109 Wis. 2d at 193–94, in any given case they could constitute sufficient evidence from which the juvenile court may determine that the matter has prosecutive merit, even when the issue of prosecutive merit is contested. Under those circumstances, there is no absolute requirement that the state present, or that the court consider, testimony and evidence in addition to the petitions before the court may determine that the matter has prosecutive merit.

We emphasize that neither sec. 48.18(4), Stats., nor sec. 48.18(5) precludes the state from presenting, and the juvenile court from considering, testimony or evidence in addition to the petitions to establish prosecutive merit. In addition, we do not hold that a juvenile court must always make a determination of prosecutive merit based solely on the delinquency and waiver petitions

when the issue of prosecutive merit is contested. Although we conclude that there is no requirement of a full evidentiary hearing on the issue of prosecutive merit even when that issue is contested, a juvenile court may, in its discretion, determine in a given case that such a hearing is necessary and that it needs to take testimony or consider evidence in addition to the petitions.

We also recognize that although a juvenile court may base its determination of prosecutive merit solely on the petitions even when the issue of prosecutive merit is contested, in a given case the petitions may not constitute sufficient evidence to support a determination of prosecutive merit under sec. 48.18(4), Stats. If the information in the petitions lacks sufficient specificity, or if the petitions do not have demonstrable guarantees of trustworthiness but the state chooses to rely solely on the petitions, the state faces a substantial risk that it will not meet its burden of coming forward with sufficient evidence to establish prosecutive merit. In addition, if the state relies solely on the petitions and the court determines that they constitute sufficient evidence upon which to base the threshold determination of prosecutive merit under sec. 48.18(4), the state still faces a risk when the court considers the waiver criteria in sec. 48.18(5), including prosecutive merit. If the degree of prosecutive merit is minimal and the court has no evidence other than the petitions to consider when making the waiver decision, the court conceivably could decline to waive its jurisdiction because of the weakness of the prosecutive merit.

In this case, the delinquency petition that formed the basis of the juvenile court's prosecutive merit determination contains detailed facts and information provided by a police officer that concerned the alleged criminal act.

This information is based on reports of other officers who based much of the information in those reports on their personal observations of the incident involving P.A.K. that they made while acting in their roles as police officers. Information based on the personal observations of police officers made while acting in their official roles is ordinarily considered trustworthy. The information in one officer's report also contains statements against interest made by a passenger who was with P.A.K. during the chase with the police. Because the delinquency petition contains detailed information concerning P.A.K.'s alleged violation of sec. 941.30, Stats., and having demonstrable circumstantial guarantees of trustworthiness, we conclude that the juvenile court did not err in determining solely on the basis of the delinquency petition that the matter involving P.A.K. had prosecutive merit.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (concurring). I agree with the majority that in certain contested cases the state may establish prosecutive merit under sec. 48.18(4), Stats., on the basis of reliable information provided in the delinquency and waiver petitions alone. In my concurring opinion in *In the Interest of J.G.*, 119 Wis. 2d 748, 350 N.W.2d 668 (1984), also decided today, I note that prosecutive merit may be used in different senses in sec. 48.18(4) and 48.18(5) and that different types of proof may be necessary under each section.