IN the INTEREST OF C.W., a person under the age of 18: STATE of Wisconsin, Appellant,

v.

C.W., Respondent.

Court of Appeals

*No. 87–1495. Submitted on briefs December 1, 1987.—Decided December 29, 1987.*

(Also reported in 419 N.W.2d 327.)

For the appellant the cause was submitted on the briefs of *E. Michael McCann,* district attorney and *Peter J. Kovac,* assistant district attorney, Milwaukee.

For the respondent the cause was submitted on the briefs of *John M. Baker,* of *Carr, Kulkoski & Carr, S.C.,* New Berlin.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. The state appeals from a juvenile court order denying its petition to waive C.W. to the adult felony court.

C.W. was born on May 19, 1970. On July 7, 1987, he was charged in a delinquency petition with separate counts of sexual intercourse, sexual contact, sexual intercourse by use of threat or force and sexual contact by use of threat or force against F.B., born on September 29, 1975. These crimes were alleged to have occurred on July 6, 1987, when F.B. was eleven years old.

The state petitioned to have C.W. waived to adult court because he had fourteen previous referrals to juvenile court. Of these fourteen referrals, C.W. was found delinquent for battery while armed, three separate counts of theft and four separate counts of operating an automobile without the owner's consent. As a result of these last findings of delinquency, C.W. was placed at the Norris Residential Treatment Center.

After the required jurisdictional hearing on the waiver petition, the court found that C.W. was the appropriate age for waiver and that there was prosecutive merit to the sexual assault charges. Evidence was then elicited concerning C.W.'s previous referrals. The evidence also showed that C.W. was disruptive while at the Norris Center and that, immediately prior to his being transferred to Wales, he eloped. The present sexual assaults were allegedly committed while C.W. was an escapee.

Elinor Kornblatt, a probation department officer assigned to C.W., testified to the above. She also testified that C.W. had no history of mental problems but he had a history of emotional problems. When asked her recommendation for C.W. she stated that because of C.W.'s long history of problems and the failure of prior treatment programs, she would recommend that C.W. be incarcerated for as long as possible so that he may be controlled and supervised. She did not approve of a waiver to adult felony court because she felt that C.W. might be sentenced to probation or a short term in the Milwaukee county House of Correction. She further opined that it was more likely that C.W. would be incarcerated if he was kept in the juvenile system. Her conclusion was that C.W. should be sent to Wales detention center.

The juvenile court, in denying waiver, stated:

> I'm prepared to rule. I will rule in this case the state has not met it's burden on the petition for waiver. I concur with Miss Kornblatt, who I'm sure is aware of the same statistic I am. Eighty percent of the persons waived to adult court are placed on probation. In light of that statistic that was told to me by Walter Dickey, the former director of the Corrections Department in a speech to the judicial conference criminal law and sentencing institute, in light of that I think I have to take into consideration what I think is the very serious nature of the offense this young man has and likelihood he belongs in a setting of total confinement and the likelihood is greater, as Miss Kornblatt says, he will be incarcerated if kept in the juvenile system then [sic] in the adult system.

The state sought permissive appeal from the juvenile court's order and also requested a three-judge panel. Both requests were granted.

On appeal the state raises two issues. First, whether the juvenile court abused its discretion in denying the petition for waiver to the adult court and second, whether the juvenile court abused its discretion in refusing the state's request for a delay before conducting a plea hearing. We resolve both issues in the affirmative and reverse and remand the cause to the juvenile court for a new waiver hearing.

An appellate court will not reverse a trial court's discretionary act if the record reflects that the discretion was in fact exercised and that there was a reasonable basis for the trial court's determination.[1] A

[1] *Charolais Breeding Ranches, Ltd. v. Wiegel,* 92 Wis. 2d 498, 510, 285 N.W.2d 720, 726 (1979).

decision of whether to waive juvenile jurisdiction lies within the sound discretion of a juvenile court which must keep in mind that the best interest of the child is the paramount consideration.[2] A statement of the relevant facts and the reasons motivating the trial court's granting or denying juvenile waiver must be carefully delineated in the record.[3] Any juvenile waiver decision must be based on the criteria listed in sec. 48.18(5), Stats.,[4] which reads as follows:

> If prosecutive merit is found, the judge, after taking relevant testimony which the district attorney shall present and considering other relevant evidence, shall base its decision whether to waive jurisdiction on the following criteria:
> (a) The personality and prior record of the child, including whether the child is mentally ill or developmentally disabled, whether the child has been previously found delinquent, whether such delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.
> (b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.
> (c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the

[2]*D.H. v. State,* 76 Wis. 2d 286, 305, 251 N.W.2d 196, 206 (1977).
[3]*Id.* at 305, 251 N.W.2d at 206.
[4]*C.D.M. v. State,* 125 Wis. 2d 170, 176, 370 N.W.2d 287, 290 (Ct. App. 1985); *see also* sec. 48.18(6), Stats.

juvenile justice system, and, where applicable, the mental health system.

(d) The desirability of trial and disposition of the entire offense in one court if the juvenile was allegedly associated in the offense with persons who will be charged with a crime in circuit court.

■

The juvenile court, in denying waiver, relied heavily on its belief that an adult trial court would improperly sentence C.W. if he were found guilty. This belief is not one of the criteria set forth by sec. 48.18(5), Stats., to be considered in deciding a petition for waiver. A juvenile court has no authority to deny waiver on the grounds that another court may give a more lenient sentence than the juvenile court thinks is appropriate. To speculate as the juvenile court did in this instance was an abuse of discretion.

The juvenile court also abused its discretion by failing to consider all the criteria listed in sec. 48.18(5), Stats., and by failing to make findings as to those criteria. Section 48.18(6) states that "[a]fter considering the criteria under sub. (5), the judge shall state his or her finding with respect to the criteria on the record . . . ." As we have already pointed out, the most important consideration for the juvenile court was its doubts as to the exercise of the adult court's discretion. The only other criteria the juvenile court considered was the seriousness of the crime. The statute, however, mandates that *all* the other criteria listed in sec. 48.18(5) must be considered by the juvenile court, and findings as to those criteria must be set forth in the record.

Our holding today in no way affects our previous holding in *G.B.K. v. State*.[5] In that case, the issues were whether the state must prove that there was no alternative to waiving the juvenile, and whether all the sec. 48.18(5), Stats., criteria must be resolved against the juvenile before a court can order the child waived.[6] We stated that the statute requires neither.[7] In relying on *P.A.K. v. State*,[8] we stated that a juvenile court need not always receive evidence or make findings concerning each of the statutory criteria.[9] However, *P.A.K.* dealt with a situation where it was legally impossible for the prosecution to meet its burden of setting forth evidence as to each of the criteria.[10] Likewise, *G.B.K.* concerned the issue of whether the state must provide evidence, as part of its case, that no alternative to waiver exists.[11]

The issue presently before us, however, is whether the juvenile court must consider each of the statutory criteria and make specific findings concerning them when evidence is present in the record as to each of the criteria. We now hold that where evidence is properly before the juvenile court with respect to each of the criteria set forth in sec. 48.18(5), Stats., the court is required under sec. 48.18(6) to consider each of these criteria and set forth in the record specific findings with respect to the criteria. Because the juvenile court in the present case did not do so, we reverse its decision and remand the cause with

[5]126 Wis. 2d 253, 376 N.W.2d 385 (Ct. App. 1985).
[6]*Id.* at 256, 376 N.W.2d at 388.
[7]*Id.*
[8]119 Wis. 2d 871, 350 N.W.2d 677 (1984).
[9]*G.B.K.*, 126 Wis. 2d at 256, 376 N.W.2d at 388.
[10]*P.A.K.*, 119 Wis. 2d at 881–82, 350 N.W.2d at 683.
[11]*G.B.K.*, 126 Wis. 2d at 256, 376 N.W.2d at 388.

directions to conduct a new waiver hearing consistent with this opinion.

The second issue presented by the state is whether the juvenile court abused its discretion in refusing to delay a plea hearing in conjunction with its denial of the state's petition for waiver of C.W. Because of our holding on the previous issue and because C.W. pleaded not guilty and demanded a jury trial, we need not address this issue. However, this issue arises frequently in the juvenile courts. We therefore choose to address it.

If a child is alleged to be delinquent,[12] as in the instant case, or to have violated a county, town or city ordinance,[13] or to be in need of protective services,[14] a plea hearing is necessary.[15] However, we caution the juvenile court in forcing plea hearings precipitously for two reasons. First, the state and the juvenile are both entitled to a reasonable time to prepare for the plea hearing.[16] Second, the general rule is that jeopardy attaches the moment a plea of guilty is accepted by the trial court.[17] A precipitous plea hearing could chill a child's rights to plead not guilty and to demand a jury trial under the fifth and sixth amendments to the United States Constitution and Wisconsin Constitution article I, sections 7 and 8.

---

[12]*See* secs. 48.02(3m) and 48.12, Stats.

[13]*See* sec. 48.125, Stats.

[14]*See* sec. 48.13(12), Stats.

[15]Sec. 48.30(1), Stats.

[16]Section 48.30(1), Stats., allows 30 days for preparation if the child is not in secure custody and 10 days if the child is in secure custody.

[17]*Hawkins v. State,* 30 Wis. 2d 264, 267, 140 N.W.2d 226, 228 (1966).

In the present case, the state was concerned about jeopardy attaching if there had been a guilty plea. It wanted time to appeal the adverse waiver ruling before jeopardy attached. In order to protect the interests of both the juvenile and the state, we hold that when there is a motion to adjourn the plea hearing in circumstances such as these, a trial court should grant the adjournment within the time constraints of sec. 48.30, Stats., unless the constraints are waived by the juvenile.[18]

*By the Court.*—Order reversed and cause remanded with directions.

[18]*See State ex rel. Johnson v. Williams,* 114 Wis. 2d 354, 357, 338 N.W.2d 320, 322 (Ct. App. 1983) (refusal, without reason, to allow a short delay for appellant to seek relief in the court of appeals was an abuse of discretion).