ROBERT D. HAASE, Commissioner of Insurance Office of theCommissioner of Insurance
You have requested my opinion concerning several issues relating to the regulation of rustproofing warranties by your office.
You state that a foreign business corporation has operated an automobile rustproofing business in Wisconsin and issued warranties in connection therewith. Pursuant to the requirements of section 100.205, Stats., which requires a warrantor to purchase a policy of insurance covering the financial integrity of its warranties, the corporation in 1986 procured a policy of insurance in the form of a surety bond to cover warranties issued to Wisconsin residents. It is assumed that the bond was solicited, issued and delivered in the state of domicile of the corporation. The extent of the negotiations and calculations by the rustproofing company and by the surety in determining whether the amount of the bond would be adequate to comply with section100.205 is unknown. The rustproofing company is now in bankruptcy and the bond in question appears to be inadequate to pay contractual obligations assumed under warranties issued to Wisconsin residents.
You ask for my opinion regarding three questions. The first question is whether, under present law, the commissioner of insurance has the authority and responsibility to annually, or on *Page 114 
some other periodic basis, demand a filing by a rustproofing company of all warranty contracts and financial, actuarial, engineering and other reports as may be necessary to make a determination that the amount of insurance purchased by that company is in compliance with section 100.205? The second question is whether, in the event of the insolvency of the rustproofing company issuing rustproofing warranties, the commissioner of insurance has the authority and responsibility to initiate court action under section 601.64 to force the insurer of such warranties to reform its insurance contract so as to provide coverage limited only by the maximum amount of claims determined in the bankruptcy proceedings? Because your first two questions are interrelated, they will be considered together.
Section 100.205 (6) states as follows:
 (6) Every warrantor shall purchase a policy of insurance covering the financial integrity of its warranties. The policy of insurance shall be on a form approved by the commissioner of insurance under s. 631.20 and shall have the following minimum provisions:
 (a) The insurer shall be licensed to do business in this state or shall be an unauthorized foreign insurer, as defined in s. 600.03 (27), accepted by the office of the commissioner of insurance for surplus lines insurance in this state.
 (b) Each warranty issued in this state shall be covered by a policy of insurance.
 (c) In case of insolvency or bankruptcy of the warrantor, a warranted party may file a claim directly with the insurer.
 (d) In case of insolvency or bankruptcy of the warrantor, the insurer, upon receipt of a claim, shall cause a warranted party's vehicle to be inspected at the insurer's expense.
 (e) The termination provision shall state that the insurance provided shall continue with respect to all warranties issued before the date of termination. *Page 115 
Section 100.205 (9)(b) provides a private right of action against the warrantor or its insurer or both to recover damages for a breach of a contract for rustproofing.
Several provisions of the insurance statutes also relate to rustproofing warranties. Section 618.41 (6m), which is applicable to surplus lines insurance, and section 631.01 (4m), which is applicable to Wisconsin insurers and to foreign insurers authorized to do business in Wisconsin, each states as follows:
 RUSTPROOFING WARRANTIES INSURANCE. An insurer issuing a policy of insurance to cover a warranty, as defined in s. 100.205 (1)(g), shall comply with s. 632.18 and the policy shall be on a form approved by the commissioner under s. 631.20.
Section 632.18 states:
 Rustproofing warranties insurance. A policy of insurance to cover a warranty, as defined in s. 100.205 (1)(g), shall fully cover the financial integrity of the warranty.
The statutory provisions referred to above require each rustproofing warranty to be covered by a policy of insurance which shall fully cover the financial integrity of the warranty, require an insurer to issue, a policy which will provide such coverage and allow a warranty holder to file a claim directly with the insurer in the event of insolvency or bankruptcy.
If the meaning of a statute is clear on its face, a court will not look beyond the statute in applying it. If the statutory language is ambiguous, a court attempts to ascertain the Legislature's intent by the scope, history, context, subject matter and object of the statute. In Interest of P.A.K,119 Wis.2d 871-79, 350 N.W.2d 677 (1984). I conclude that the provisions of Wisconsin's rustproofing warranties law, section 100.205, together with sections 618.41 (6m), 631.01 (4m) and 632.18
unambiguously require that insurers issuing policies of insurance to cover rustproofing warranties must issue policies which fully cover any claims filed under the warranties in the event of insolvency or *Page 116 
bankruptcy of the rustproofing warrantor. However, even if these statutes were determined to be ambiguous, I believe that the legislative history, subject matter and object of the statutes support the same conclusion.
Section 100.205 was enacted on May 9, 1984, as1983 Wisconsin Act 428. It became effective on November 1, 1984. One of the purposes of this legislation was to protect consumers against rustproofing companies which issued warranties that were not honored because the firm went out of business or declared bankruptcy. The law was revised by the 1985-86 biennial budget bill, 1985 Assembly Bill 85, which was enacted as 1985 Wisconsin Act 29, effective July 20, 1985. The policy of insurance which is the subject of this opinion was issued after these revisions became effective.
Section 100.205 (6) of the original law required the commissioner of insurance to determine annually the amount of the policy of insurance which must be purchased to cover warranties of a rustproofer. 1985 Wisconsin Act 29 deleted the requirement for the commissioner to make this determination. Under section100.205 (6)(b) of the original law, the policy of insurance for each warranty issued in the state had to cover the full amount of any claim payable under the warranty. The amendment also deleted this requirement. In place of these deletions, 1985 Wisconsin Act 29
created sections 618.41 (6m), 631.01 (4m) and 632.18. The effect of these amendments was to require that each rustproofing warranty be covered by insurance and that any insurer issuing a policy of insurance to cover a rustproofing warranty under section 100.205 must issue one which will "fully cover the financial integrity of the warranty."
The amendments to the original law discussed above were requested by the Office of the Commissioner of Insurance. The drafting file of the Legislative Reference Bureau for the amendments contain a summary sheet submitted by the Office of the Commissioner of Insurance requesting the amendments. The sheet specifies that the purpose of the proposed statutory changes *Page 117 
was to make the act more workable for the commissioner of insurance. It states that "[t]he proposed legislation will remove the requirement that this office approve the amount, or coverage limits, of insurance policies issued to ensure payment of rustproofing warranty claims. Instead the proposed legislation would require the warrantor and insurer to contract for a policy which would cover the `financial integrity of the warranties.'" Under the heading "JUSTIFICATION AND ANALYSIS OF NEED," the summary sheet states "[t]he office does not have the expertise nor is it in the traditional realm of the office's responsibilities to `determine' amounts for insurance policies. The proposed legislation places that responsibility on the warrantors and insurers. Those parties have the data and expertise to make that judgment." The response by the Office of the Commissioner of Insurance to a drafter's note contained in the Legislative Reference Bureau drafting file suggests that the deletion of the language "full amount of any claim payable" in section 100.205 (6)(b) was designed to allow the use of actuarial computations of exposure to loss in arriving at a policy amount. I interpret this to mean that an insurer and rustproofer can use actuarial calculations to estimate the number and amount of claims which will be received if the rustproofer becomes insolvent rather than being required to assume that there will be claims on each warranty issued. However, I find no evidence that the Legislature intended that insurers and rustproofers will no longer be responsible for providing insurance adequate to cover all claims actually received if they underestimate claims. Thus, it appears that the purpose of the amendment was to shift the responsibility of determining the amount of insurance necessary from the insurance commissioner's office to the warrantor and the insurer while still requiring that the amount of insurance be sufficient to cover all actual losses.
Sections 100.205 (6), 631.01 (4m), 618.41 (6m) and 632.18, like other statutes requiring bonds or insurance to protect against loss, are remedial statutes which should be liberally construed to *Page 118 
suppress the mischief and advance the remedy which the statutes were intended to afford. Baumann v. West Allis, 187 Wis. 506,526, 204 N.W. 907 (1925). These laws should be construed so as to ensure that the insurance policy obtained by the rustproofer will be sufficient to protect Wisconsin holders of those rustproofing warranties issued by the rustproofer.
You ask whether the commissioner of insurance has authority and responsibility to demand and inspect records of the rustproofer on a periodic basis to determine that the amount of insurance purchased is sufficient to comply with section 100.205. It is my opinion that the commissioner has the authority to require such records from the insurer to determine compliance with chapters 600 to 647, which it enforces. The law requires that an insurer issuing a policy of insurance to cover a warranty shall comply with section 632.18 which states that "[a] policy of insurance to cover a warranty, as defined in s. 100.205 (1)(g), shall fully cover the financial integrity of the warranty." Thus, a policy of insurance that does not fully cover the financial integrity of the warranties issued by the rustproofer is unlawful. Section601.41 (1) states that it is the duty of the commissioner to administer and enforce chapters 600 to 647, and section 601.41
(2) gives the commissioner "all powers specifically granted to the commissioner, or reasonably implied in order to enable the commissioner to perform the duties imposed by sub. (1)." Section601.42 (1g) gives the commissioner authority to require from any person subject to regulation under chapters 600 to 647 reports and other information. These statutory provisions provide authority to the commissioner to obtain information about the potential exposure to loss from the insurer which should have access to records of the rustproofer.
It is my opinion that the commissioner has the responsibility to enforce the provisions of law requiring insurance to cover rustproofing warranties so that adequate insurance is available to pay claims in the event of insolvency of the rustproofer. I do not believe that the commissioner is required to demand periodic *Page 119 
reports in light of the purpose of the statutory amendments to put the burden on the rustproofing warrantor and the insurer to determine the proper amount of insurance. However, it may be advisable to use such a reporting system to more closely monitor the amount of insurance required.
You have also asked whether, in the event of insolvency of the rustproofing company, the commissioner can force the insurer of rustproofing warranties to modify its insurance contracts so as to provide coverage limited only by the maximum amount of claims determined in the bankruptcy proceeding of a rustproofing company. It is my opinion that the commissioner does have the authority to order that the amount of insurance be increased to cover the liability of the warrantor if the current insurance policy is not sufficient to do so.[1] Section 601.41 (4)(a) states that the commissioner shall issue such prohibitory, mandatory and other orders as are necessary to secure compliance with the law. If the insurer refuses to comply with such an order, the commissioner can seek an injunction under section601.64 (1) or forfeitures under other provisions of that statute to enforce compliance.
To allow the insurer and the rustproofing warrantor to agree on an insurance policy limit without any authority by the commissioner of insurance to ensure that the policy of insurance fully covers the financial integrity of the warranties as section632.18 requires would lead to an absurd and unreasonable result. Statutes should be construed so as to avoid such results. DeMarsv. LaPour, 123 Wis.2d 366, 366 N.W.2d 891 (1985). Wisconsin courts have traditionally construed bonds and other insurance policies so as to ensure compliance with state law regardless of the terms actually contained therein. In City of Merrill v.Wenzel *Page 120 Brothers, Inc., 88 Wis.2d 676, 277 N.W.2d 799 (1979), a statute required a bid bond to contain a liquidated damages provision. A city used a bid bond form that did not include such a provision. The Wisconsin Supreme Court read a liquidated damages provision into the bid bond. It noted that statutory bonds are construed in the light of the statute creating the obligation secured and the purposes for which the bond is required, as expressed in the statute. It stated that a city could not waive the statutory requirement by use of a bond that did not comply with the statute and could not limit its liability by deviating from the statutory requirements. City of Merrill, 88 Wis.2d at 695-96.
You state that it might be necessary to require the insurer to write an unlimited coverage policy in order to avoid a detailed financial analysis of the rustproofing corporation. You express concern that any insurer that would write any such unlimited coverage would be in the posture of seriously endangering its solvency. I am advised, however, that your office has accepted policies providing unlimited coverage for rustproofers. In addition, if a rustproofer seeks to obtain insurance from an insurance company to cover its warranties, the company can charge a premium commensurate with the amount of risk assumed or can refuse to issue a policy at all.[2]
Your third question is whether section 100.205 authorizes the issuance of rustproofing warranties which, in the absence of section 100.205, would be considered to be the transaction of insurance subject to chapters 600 to 647. You specifically mention section 610.11, which provides no person may do any insurance business on his own account in this state except as an authorized insurer operating within the limits of its certificate of *Page 121 
authority. It is my opinion that section 100.205 does not negate insurance regulatory law such as section 610.11. In reviewing the legislative history of the rustproofing law, I can see no evidence that the Legislature was aware that the insurance commissioner's office might consider certain rustproofing warranties to be insurance. Nor were the companies selling rustproofing traditional insurance companies. Therefore, section100.205 (6) required the purchase of an insurance policy by the rustproofer to back its warranty. I do not believe any exception to the insurance laws was intended for the selling of rustproofing warranties which constitute insurance.
DJH:WCW
[1] Depending on the agreement between the rustproofing company and the insurer, the insurer may have a claim in the bankruptcy proceeding for additional compensation from the rustproofer because of the increase in insurance coverage which is required.
[2] As previously stated, once the insurer does insure the rustproofer's warranties, however, the insurer must comply with the provisions of Wisconsin law which require the insurance to fully cover the claims under those warranties if the amount of insurance originally purchased proves to be insufficient. *Page 122